a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMARIOUS JACKSON #9563, **Plaintiff** | CIVIL DOCKET NO. 1:23-CV-01504 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| ERIC STOTT ET AL, **Defendants** | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Jamarious Jackson ("Jackson"). Jackson is an inmate at the Catahoula Correctional Center ("CCC") in Harrisonburg, Louisiana. He names as Defendants Warden Eric Stott, Major Allen, Captain Littleton, and Lt. Robinson. Jackson alleges that the Defendants failed to protect him from an attack by another inmate and failed to provide him with adequate medical care.

Because additional information is needed to support his claim, Jackson must AMEND the Complaint.

I. **Background**

Jackson alleges that he was a pretrial detainee at CCC on August 12, 2023, when Lt. Robinson placed him in Cell 9. Five minutes later, Captain Littleton moved Jackson to Cell 4 with a convicted inmate. Jackson fell asleep and was awakened by the inmate beating him in the head with a pipe and faucet connection. ECF No. 1 at

3. Jackson was transported to Lasalle Hospital where he was prescribed medication. Jackson states that he never received the medication. *Id.*

## II.   Law and Analysis

Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard that Rule 8 announces does not require "detailed factual allegations," but demands more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (citations omitted).

Jackson does not allege how each Defendant violated his constitutional rights or what injury he suffered. Thus, Jackson must amend and state:

(1) a description of what EACH named Defendant did to violate his rights; and

(2) a description of the injury sustained from EACH alleged violation.

Additionally, to state a constitutional claim for failure to protect, a plaintiff must allege that prison officials were deliberately indifferent to his need for protection. *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). A prison official is deliberately indifferent if he knows of an "excessive risk to inmate health or safety" and disregards that risk. *See Farmer v. Brennan*, 511 U.S. 825, 832-33, 837 (1994). A prison official "knows of" an excessive risk only if: (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists"; and (2) he "draw[s] the inference." *Id.* In other words, to be deliberately indifferent, a prison official must be subjectively aware of the risk. *Id.* at 839-40.

Jackson must amend his Complaint to allege how each Defendant acted with deliberate indifference. He must provide allegations indicating that each Defendant was subjectively aware of a substantial risk of harm.

Finally, after describing his physical injuries, Jackson should state each date on which he requested medication or follow-up medical treatment for those injuries. He should state to whom each request for medical care was made, and what response he received to each request.

### III. Conclusion

Because Jackson must provide additional information to support his claims, IT IS ORDERED that he AMEND the Complaint within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Wednesday, December 13, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE